# Wheeling.

## HARMON v. BOWYER et al.

Decided November 1, 1879.

1879.
Special Term.
1. A circuit court by a decree directed B. to make and acknowledge a deed conveying certain land to H. upon H. paying to B. $5.29, with interest thereon from November 15, 1833, which decree the Supreme Court of Appeals affirmed. H. without having paid the $5.29, and interest as decreed (because B. was indebted to him in a larger sum, being costs adjudicated to him in the same suit) applied to and obtained from the circuit court a rule against B. to show cause why said deed had not been made. B. answered the rule, stating that he had not made the deed, because the $5.29 and interest decreed to him had not been paid; and also set up in his answer that H. owed him certain taxes amounting to the sum of $65.00, including interest, and claimed that it was a lien upon the land, and also that H. owed him for an excess of twenty-six and three-fourths acres of land. The court directed an account, and upon the report thereof, confirmed the report and decreed that B. recover against H. the sum of $261.98, with interest from August 2, 1875, and his costs in defense of said rule. HELD:

I. That the decree should be reversed, because the circuit court had no right to make such a decree upon the rule.

II. The circuit court should have dismissed the rule at the costs of H., because he not having complied with the terms of the affirmed decree by paying the $5.29 and its interest, was not entitled to the rule; but, as stated in the opinion, the rule should have been dismissed without prejudice, &c.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Putnam, rendered on the 27th day

of October, 1876, in a cause in said court then pending, wherein George Harmon was plaintiff and John Bowyer and others were defendants, granted upon the petition of said Harmon.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the decree appealed from.

MOORE, JUDGE, furnishes the following statement of the case:

George Harmon in August, 1843, filed his bill in chancery in the circuit court of Kanawha county, against John Bowyer and others, praying among other things, that said Bowyer and wife be decreed to convey to him by proper deed certain land therein designated, which bill was answered by said Bowyer and wife, and the cause was regularly proceeded with to a decree made by the circuit court of Putnam county, (to which court the cause was transferred after the formation of Putnam county) at its special term held in the year 1855, which directed, that upon the payment by said George Harmon to John Bowyer of $5.29, with interest thereon from November 15, 1833, till paid, that said Bowyer do make to said Harmon a sufficient and proper deed, with covenants of general warranty, conveying said land to said Harmon in fee simple, and that said Harmon recover against said Bowyer his costs. From that decree said Bowyer and wife appealed to the Court of Appeals, which said Court at its term, held at Lewisburg, on Wednesday, August 25, 1857, affirmed said decree, and directed, by its mandate that the appellants pay to the appellee $30.00 damages and his costs by him about his defense here expended, which is ordered to be certified to said circuit court," which mandate was entered by the said circuit court of Putnam county, May 13, 1867.

On the 14th day of May, 1867, the circuit court permitted said Bowyer to file a "supplemental bill," (as the order designates it, but cross-bill as it designates itself)'

in which he stated the filing of the original bill by Harmon, and the proceedings and decree thereon by the circuit court of Putnam county, but omitted to notice the proceedings upon appeal and the said mandate, and alleged that Harmon had never paid or tendered to him said $5.29 with interest thereon, and that by his failure to do so and receive his deed, he, Bowyer, had been compelled to pay the taxes on the land claimed and occupied by Harmon, from November 15, 1833 to the time of filing the supplemental bill; and that Harmon was then "holding, occupying and enjoying under the protection and cover of said decree, and the title bond upon which it is based, some thirty or forty acres of land more than he is of right entitled to." He also charged, that Harmon should be compelled to refund him the amount of said taxes, with interest from the respective years they were paid, and that there should be a survey had of said land under an order of the court, allotting to him by metes and bounds what land he may be entitled to under said decree; and prayed a decree accordingly. Harmon answered said bill, March 16, 1868, admitting the allegations as to the original suit and decree, and setting up the proceedings on appeal, and the mandate of the Court of Appeals to the circuit court; also admitting that he had not paid the $5.29, with interest, &c., but denied that there had been a failure on his part to receive the deed, or that one had ever been tendered to him; that on the contrary it was Bowyer's fault that the deed had not been made; that a much larger sum than the $5.29 was in Bowyer's hands, due to respondent, and for which he had a decree of the circuit court of Putnam county, rendered July 20, 1855, "that no part of the same has ever been paid to respondent, or any offer made to pay, adjust or offset the same, the collection of the same having been stayed by *supersedeas* from the Court of Appeals, the result of which *supersedeas* in the Court of Appeals was to affirm the judgment of the court below, which gave decree for said costs;" that he has always been ready and willing to off-

set so much of the sum decreed him for costs, against the said $5.29, decreed Bowyer, as would pay said sum of $5.29 with interest, &c., that if Bowyer had paid said taxes, it was the result of his own laches and obstinacy and from no fault of respondent; that it was true respondent had been in possession of the land, to-wit, eighty-five and one-fourth acres, for more than thirty years, and that he has claimed, occupied and enjoyed the same for that time, and for all that time has been endeavoring to get from said Bowyer, a deed for the same; that it is not true that respondent held thirty or forty acres more land than he was entitled to, or than is covered by the title bond, &c. Respondent also pleaded and relied upon the record and proceedings in the cause referred to and filed with Bowyer's bill and respondent's answer, as a bar to further proceedings under this bill, and prayed that his objection to the grounds of relief prayed for, be considered a demurrer to the bill. Respondent also filed certified copy of execution in his favor, &c., being for the costs decreed him, as aforesaid, to be taken as a part of his answer.

On the 15th day of December, 1869, the circuit court of Putnam county, upon consideration of the cross-bill and exhibits, the answer and exhibits, and the replication, ordered the bill to be dismissed, and that Bowyer pay Harmon his costs in defense of this suit, including a fee of $25.00 to attorney, &c.

At the circuit court of Putnam county, April 23, 1874, Harmon presented to the court his affidavit, and was granted leave to file it, stating that Bowyer had failed to make him the deed directed by the decree entered at the special term, 1855, although Harmon "had long since paid the amount directed to be paid to the said John Bowyer by said decree," and asking the court for a rule against said Bowyer, to show cause why the said deed has not been made, or that a special commissioner be appointed to make said deed. The court awarded the rule. Bowyer was permitted by the court to file his

answer to the rule, October 23, 1874, by which he ad-mitted he had not made the deed as directed by the de-cree of 1855, "that by said decree he was required to make such deed only upon the payment" by Harmon to him of the sum of $5.29 with interest thereon from November 15, 1833, until paid; that Harmon had never paid it, and by his failure to pay the same he was not entitled to said deed. The answer then proceeds to set up the same matters substantially as presented by his cross-bill. Harmon made replication to the answer, ad-mitting he had never tendered to Bowyer the $5.29 and interest, because a much larger sum was in Bowyer's hands and due from him to Harmon, to-wit: "the sum of $51.90, with interest from the 15th of November, 1855," and that Bowyer had never tendered that sum to him as appears by a copy of an execution filed with the repli-cation; also, "the sum of $55.96 from the 15th of June, 1858, as appears by the copy of another execution also filed as an exhibit; that said sums of money had never been collected, because he, Harmon, intended and re-garded it as a payment of the $5.29, with its interest, and also as a payment for the excess of land mentioned by Bowyer in his answer, at $1.00 per acre. The replication further proceeds substantially in its statement as did Har-mon's answer to said cross-bill, and thus by the answer of Bowyer to the rule, and the replication of Harmon thereto, the same matters were presented for the consid-eration of the court, as were presented by the said cross-bill and answer.

On the 23d day of October, 1874, the circuit court heard the cause "upon the papers heretofore read in said cause, and the orders and decrees made therein, upon the rule, the answer and the said replication," &c. And the court, "without passing upon any of the questions arising therein," directed commissioner Cargill to take, state and report the following matters and accounts: First—The number of acres in the tract of land heretofore decreed to be conveyed by the said John Bowyer to said Har-

mon. Second—What sum, if any, is due from the said
Harmon on account of the purchase-money of said land.
Third—What amount of taxes, if any, the said John
Bowyer has paid upon said land since the same was sold.
The said commissioner was also empowered to employ a
surveyor in order to ascertain the true quantity of
land.

The commissioner made his report showing a state-
ment of the account in the alternate mode, and Harmon
endorsed on the report certain exceptions thereto, which
were overruled by the court.

On the 27th day of October, 1876, the circuit court de-
creed "that the said exceptions be and the same are hereby
overruled; and it is further adjudged, ordered and de-
creed that the defendant, John Bowyer, recover against
the plaintiff, George Harmon, the sum of $261.98, being
the amount reported by commissioner Cargill, as per
statement number four in his said report, with interest
thereon from August 2, 1875, and his costs in defense of
the said rule. And the court is further of the opinion,
and doth decide, that the said sum of $261.98, with in-
terest as aforesaid, is a lien upon the tract of land of one
hundred and twenty-seven and one-half acres described
in exhibit " C " filed by complainant with his said repli-
cation. It is further adjudged, ordered and decreed, that
upon the payment of the said sum, with interest and costs
as aforesaid, by the complainant to the said defendant,
that defendant, Bowyer, do convey to the said complain-
ant the said one hundred and twenty-seven and one-half
acres by deed, with covenants of general warranty,
bounding and describing the same in said deed according
to the survey known as the Slaughter survey, which is
the aforesaid exhibit " C." It is further adjudged, or-
dered and decreed, that unless the complainant do pay
the said sum of $261.98, with interest and costs as afore-
said, within sixty days from the rising of this court, that
John O. Morris, who is hereby appointed a special com-
missioner for that purpose, do, after giving four weeks'

notice by publication in some newspaper published in this county of the time, terms and place of sale, sell at public auction, at the front door of the court house of Putnam county, the said tract of land for one-third cash in hand, and the residue upon a credit of six and twelve months, taking bonds from the purchaser, with good security, with interest from day of sale, and retaining the title as further security."

From this decree Harmon has appealed.

*Smith & Knight,* for appellant.

*Mollohan & Fontaine,* for appellees.

MOORE, JUDGE, delivered the opinion of the Court:

The Supreme Court of Appeals having affirmed the decree of the circuit court, in directing, that upon the payment of the sum of $5.29, with interest thereon from the 15th day of November, 1833, till paid, by the said George Harmon to said John Bowyer, the said Bowyer, should make, execute and acknowledge for record to the said Harmon, a sufficient and proper deed, with covenants of general warranty, conveying the land to said Harmon; and the mandate of the Supreme Court of Appeals having been entered of record in the order book of the circuit court, there remained nothing more for the circuit court to do than to enforce the decree thus affirmed, under the principles settled in *White* v. *Atkinson*, 2 Call 376; *Price* v. *Campbell,* 5 Call 115; *Davis* v. *Henry*, 13 W. Va.

The matters litigated by the parties in that suit, were adjudicated by that decree of the circuit court, and it being affirmed by the Appellate Court, the case was thus finally and irrevocably ended. As said by Judge Tucker, the law "has wisely established the rule that *interest reipublicœ res judicatas non rescindi.* For I cannot conceive of anything more inconvenient to society, than a power in the courts below to reverse and alter the solemn judgments of the Supreme Tribunal, as contoversies would then be perpetual, and suits become interminable." 5

Call 117. Public policy demands that there should be an end to litigation, and ,hence the law adopts another maxim, that *interest reipublicœ ut sit finis litium.* Coke Litt. 303.

Yet notwithstanding these principles, a deliberate effort has been made to override the mandate of the Supreme Court in this case. Bowyer could have had execution for the money adjudged to him, if he had so ordered. Harmon could have compelled the execution of the deed by complying with the terms of the decree by paying the $5.29 and its interest; and could have, at any time, sued out execution for the costs decreed him against Bowyer. Both parties were negligent. Bowyer after a long time attempted to open up the case anew by filing the cross-bill, and after its dismissal by the court he attempts to avoid making the deed when summoned to answer the rule, by setting up in his answer identically the same matters he had alleged in his cross-bill, and which, by the dismissal of the bill, had been virtually decided by the court as not admissible against the decree, and should not have been allowed in answer to the rule. But Harmon having alleged in his affidavit upon his application for this rule, that he had "long since paid the amount directed to be paid to the said John Bowyer by said decree," and Bowyer having denied that allegation by his answer to the rule, and Harmon having admitted by his replication that said $5.29 and its interest had never been tendered Bowyer by him, because, as he alleges, "the said sum, and in fact, a much larger sum was in his (Bowyer's) hands, and due from him to this repliant, to-wit: The sum of $51.90 with interest from the 15th day of November, 1855, as will appear by a copy of an execution," &c., the court should not have directed an account, and certainly ought not to have decreed as it did, but should have dismissed the rule at the costs of Harmon, because from his own showing he had not complied with the decree of the circuit court as affirmed by the Supreme Court of Appeals. The circuit

court by its decree upon the rule has in fact altered the affirmed decree.

Therefore, the decree of October 27, 1876, should be reversed, and this Court proceeding to render such an order as the circuit court should have rendered, must dismiss the said rule, with costs against said Harmon in the court below, but without prejudice to the said Harmon, upon the payment of the $5.29, and its interest, as decreed as aforesaid, to apply again for such rule, and without prejudice to the said Bowyer, if advised so to do, to institute any proceeding at law or in equity, to enforce the payment of his demands against said Harmon or against said land. But the said Harmon shall recover his costs against Bowyer in this Court expended, he being the party substantially prevailing in this Court.

THE OTHER JUDGES CONCURRED.

DECREE REVERSED AND RULE DISMISSED WITHOUT PREJUDICE.